UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL A. CROUCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14CV1733 CDP |
| | ) | |
| BUSSEN QUARRIES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

On August 19, 2015, I granted summary judgment in favor of the Central State defendants. I also granted defendant Bussen Quarries' motion to dismiss, and denied plaintiff Paul Crouch's motion to amend the complaint. Crouch now brings this motion to alter or amend the judgment. His motion asserts that I erroneously interpreted the law, made false findings of fact, and exhibited bias against him. Because Crouch has not demonstrated sufficient grounds for relief under Rule 59(e) of the Federal Rules of Civil Procedure, I will deny his motion.

"A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)." *U.S. ex rel. Raynor v. Nat'l Rural Utils. Coop. Fin. Corp.,* 690 F.3d 951, 958 (8th Cir. 2012).

"Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Holder v. United States*, 721 F.3d 979, 986 (8th Cir. 2013) (quoting *Innovative Home Health Care, Inc. v. P. T.O.T. Assocs. of the Black Hills,* 141 F.3d 1284, 1286 (8th Cir. 1998) (internal citations omitted)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* Similarly, "[i]t is not appropriate to use a Rule 59(e) motion to repeat arguments" that have already been made and considered by the court. *In re Gen. Motors Corp. Anti–Lock Brake Prods. Liab. Litig.,* 174 F.R.D. 444, 446 (E.D.Mo. Aug. 1, 1997) (citation and internal quotation marks omitted).

Crouch argues that he should have been allowed to file his amended complaint, because of "newly discovered evidence" that Bussen's contributions to Central States continued past the stated March 2012 expiration date of the CBA. The original motion to amend the complaint made no mention of where this new evidence came from. He now claims he learned of the continuing contributions through a phone call in April 2015, and had no way of knowing before then. However, his own affidavit and memorandum belie this claim.

For example, Crouch claims that he did not know all of the terms of the CBA continued in effect until September 2013 at the time he filed his reply to the

motion for summary judgment and his responses to Defendant's statement of material facts. But he admits that, due to his roles as union representative and negotiator, he was so familiar with the March 2005 CBA that he did not need to re-read it. This necessarily means he was aware of the so-called "evergreen provision" at the time he filed his suit, but did not bother to investigate whether or when Bussen re-negotiated a new CBA with Central States that might extend the provisions of the original.

At the very latest, Crouch was aware by March 2013, that Central States and Bussen had not yet reached an agreement concerning a new CBA. Crouch points to the corrected letter addressed to him from Central States as "clear proof that [as of that date] the CBA was still in effect." This letter is dated March 13, 2013, eighteen months before Crouch filed his original petition in state court. If it provides such clear proof, then surely he could have raised the argument long before his April 30th, 2015 motion to amend the complaint.

The arguments in Crouch's motion simply do not convince me that I made any manifest errors of law or fact. I fully considered (and rejected) all of the issues he now raises when I made my initial ruling. I set out my reasons in detail in the earlier opinion, and I continue to believe they are correct. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to alter or amend the judgment [#50] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 16th day of November, 2015.